# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                                         **PLAINTIFF**

v.                   **CASE NO. 4:19-CR-00116-BSM-1**

**ANDREW SCOTT PIERSON**                                                   **DEFENDANT**

## ORDER

Andrew Scott Pierson's motion to dismiss [Doc. No. 184] is denied. The record indicates the United States made no extradition request and that Pierson either self-surrendered to United States authorities or was otherwise expelled by Mexican authorities into the custody of the United States. Therefore, the United States did not violate the extradition treaty between the United States and Mexico. *See Ker v. Illinois*, 119 U.S. 436 (1886) (holding that even where there is a treaty, extradition is not the exclusive means of returning a defendant to the United States and a court retains power to try a person brought into its jurisdiction by 'forcible abduction').

To the extent Mexican authorities may have mistreated Pierson during his removal, there is no evidence this mistreatment was done at the direction of United States officials. *See United States v. Lira*, 515 F.2d 68, 70 (2d Cir. 1975). Moreover, because Pierson was not extradited, I decline to apply the rule of specialty. *See United States v. DiTommaso*, 817 F.2d 201, 212 (2d Cir. 1987). For these reasons, the United States has the right to prosecute the charges pending against Pierson in the Eastern District of Arkansas.

Pierson's motion to suppress [Doc. No. 185] is also denied. The Fourth Amendment's

exclusionary rule does not ordinarily apply to foreign searches and seizures. *See U.S. v. Valdivia*, 680 F.3d 33, 51 (1st Cir. 2012). The record does not support that the Mexican officials' arrest of Pierson, or their search of his vehicle and residence, "shocks the judicial conscience." *See United States v. Mitro*, 880 F.2d 1480, 1482 (1st Cir. 1989). Furthermore, the record does not support that United States officials' communication with Mexican officials was sufficient to trigger the "joint venture" doctrine. *See Lira*, 515 F.2d at 71 (merely soliciting a foreign government to arrest a fugitive within its borders does not constitute United States participation under the doctrine). Pierson's post-*Miranda* statement to law enforcement after arriving in the United States also appears to have been voluntary.

Finally, Pierson's motion to dismiss [Doc. No. 224] is denied with respect to Count 3 of the third superseding indictment, but granted with respect to Count 4. Count 4 of the third superseding indictment is dismissed.

IT IS SO ORDERED this 1st day of October, 2021.

_____
UNITED STATES DISTRICT JUDGE