## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                          **CASE NO. 4:19-CR-00116-BSM**

**ANDREW SCOTT PIERSON**                                              **DEFENDANT**

### ORDER

Andrew Scott Pierson's pro se motion to vacate, set aside, or correct his sentence [Doc. No. 332] pursuant to 28 United States Code section 2255 is denied.

### I. BACKGROUND

Pierson pled guilty to conspiracy to violate the Arms Export Control Act and was sentenced to 144 months' imprisonment—an upward variance. Doc. No. 284. In support of his motion, Pierson argues that: (1) appellate counsel ineffectively failed to present a rule of speciality violation argument; (2) trial counsel ineffectively failed to assert his Mexican citizenship and verify his Mexican citizenship documents; (3) the court lacks personal jurisdiction over him because he is a Mexican citizen that was lawfully residing in Mexico and he was arrested and removed in violation of international law; (4) trial counsel was ineffective because she failed to withdraw his guilty plea after he instructed her to do so; (5) trial counsel ineffectively failed to object to evidence that was obtained in Mexico; (6) trial counsel ineffectively represented him at sentencing which caused him to receive an upward variance; (7) the government engaged in prosecutorial misconduct by presenting evidence at sentencing that was the product of entrapment and coercion by federal law enforcement;

(8) trial counsel ineffectively failed to investigate or review materials prior to his suppression hearing; (9) trial counsel was ineffective because she purposely withheld discovery from him in order to make him plead guilty; and (10) I violated his due process rights at sentencing by exhibiting bias against his status as a white man.

## II. DISCUSSION

Each ground on which Pierson claims that he is being held in violation of the Constitution, laws, or treaties of the United States fails.

### A.    Ground One: Ineffective Assistance of Appellate Counsel

Pierson's ineffective assistance of appellate counsel claim is denied. To prove this claim, Pierson must show that he was prejudiced by counsel's deficient performance. *See Buck v. Davis*, 580 U.S. 100, 118 (2017) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Pierson, however, has failed to show that appellate counsel committed errors so serious that she was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Indeed, the rule of speciality argument that Pierson wanted appellate counsel to make is unsupported because Pierson was not extradited. *See United States v. DiTommaso*, 817 F.2d 201, 212 (2d Cir. 1987). Thus, it was within appellate counsel's discretion whether to make this argument.

### B.    Grounds Two, Four, Five, Six, Eight, and Nine: Ineffective Assistance of Trial Counsel

Pierson's ineffective assistance of trial counsel claim is also denied because Pierson has failed to show that his trial lawyer committed errors so serious that she was not

functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.

First, trial counsel's failure to make meritless arguments cannot support Pierson's charge of ineffective assistance. *See Thomas v. United States*, 951 F.2d 902, 905 (8th Cir. 1991).

Second, even if there is basis for some of these arguments, Pierson's sentence would not have differed even if these arguments had been made. *See Deltoro-Aguilera v. United States*, 625 F.3d 434, 438 (8th Cir. 2010); *see also Agee v. Wyrick*, 610 F.2d 498, 499–500 (8th Cir. 1979) (even if trial counsel should have objected to some evidence, defendant had not been materially prejudiced because the other evidence against him was so overwhelming it independently justified the sentence).

Third, if a plea withdrawal request would have been made, it would have been denied. This is true because the newly discovered evidence identified by Pierson "as his reason for seeking to withdraw his guilty plea is at best only a source of impeachment material and does not constitute a sufficient reason in the circumstances of this case for allowing him to withdraw his guilty plea." *United States v. Nichols*, 986 F.2d 1199, 1201–02 (8th Cir. 1993). Thus, trial counsel's failure to present this request did not prejudice Pierson.

Fourth, Pierson's argument that trial counsel ineffectively represented him at sentencing by inadequately rebutting the government's evidence of foreign relative conduct as it pertained to the 18 United States Code section 3553(a) factors is denied. This is true because Pierson's conduct in Mexico was properly considered in imposing an upward

variance to serve as a deterrent to people committing violations of the Arms Export Control Act. *See United States v. Dawn*, 129 F.3d 878, 885 (7th Cir. 1997) (foreign conduct intertwined with violation of U.S. law properly considered).

Fifth, Pierson's argument that trial counsel was ineffective at the suppression hearing is denied because Pierson has failed to show how the suppression ruling would have differed had counsel prepared more thoroughly. *See Baldwin v. United States*, 260 F.2d 117, 118 (4th Cir. 1958) (per curiam) (sufficiency of time for preparation is not a matter to be raised upon a motion to vacate sentence, unless the circumstances were so extreme as to amount to a denial of due process).

Finally, Pierson's argument that counsel was ineffective because she failed to obtain improperly withheld evidence prior to his guilty plea is denied because the only evidence identified by Pierson as improperly withheld is not exculpatory. *See United States v. Taylor*, 254 F. Supp. 3d 145, 156–57 (D.D.C. 2017).

C.    Ground Three: Personal Jurisdiction

Pierson's personal jurisdiction claim is denied because he was not arrested and removed in violation of international law. *See Ker v. Illinois*, 119 U.S. 436, 444 (1886) (holding that even where there is a treaty, extradition is not the exclusive means of returning a defendant to the United States and a court retains power to try a person brought into its jurisdiction by "forcible abduction").

D.    Ground Seven: Prosecutorial Misconduct

Pierson's prosecutorial misconduct claim is denied. Prosecutorial misconduct claims

require a defendant to show that the government's conduct was improper and affected his substantial rights. *See United States v. Clayton*, 787 F.3d 929, 933 (8th Cir. 2015). Pierson, however, has failed to show that the government's conduct was improper and affected his substantial rights. This is true because Pierson's argument that his weapons charges were the product of entrapment and coercion is not supported by the record. *See Sherman v. United States*, 356 U.S. 369, 372–73 (1958) (that government agents merely afford opportunities or facilities for commission of offense does not constitute entrapment, which occurs only when criminal conduct was product of creative activity of law enforcement officials).

E.      Ground Ten: Judicial Bias

Pierson's judicial bias claim is denied because no impermissible bias exists. This is true because I have absolutely no bias against Pierson. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (bias must be of such a "high degree of favoritism or antagonism as to make fair judgment impossible"). Other than the facts of this case, I know nothing about him. Moreover, Pierson's request that a new judge be appointed preside over this motion is denied because "[o]rdinarily section 2255 motions should be presented to the original sentencing judge," *Gano v. United States*, 705 F.2d 1136, 1137 (9th Cir. 1983), and Pierson has not shown that my presiding over this motion is a violation of his right to due process. *See Nelson v. United States*, 297 F. App'x 563, 566–67 (8th Cir. 2008) (per curiam).

F.      Hearing on Motion

There is no need to conduct an evidentiary hearing because the record conclusively

shows that Pierson is not entitled to relief. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014).

      G.      <u>Certificate of Appealability</u>

No certificate of appealability is issued because Pierson has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

III. CONCLUSION

For these reasons, Pierson's pro se motion to vacate, set aside, or correct his sentence is denied.

IT IS SO ORDERED this 26th day of December, 2024.

                                                    _____

                                             UNITED STATES DISTRICT JUDGE